Wright, J.
Mary Black, in 1868, began an action in the Court of Common Pleas of Logan county, to recover a tract of sixty acres of land. Mary Black was widow and sole heir, and defendants, Hill and Kizer, devisees, under the will of Alexander Black, who died in 1866. The second clause of his will is as follows : “ I give and bequeath unto Mary Elizabeth Culbertson (now Hill), and Emma Francis Kizer, my two farms, to be equally divided between them, and to their children, if they should live to have any children.”
The matter in controversy is, what passed under the phrase, “ my two farms.” Maiy E. Culbertson and Emma Francis Kizer were nieces of testator. Emma, he took at her father’s death, in 1859, and brought her up; Mary Elizabeth Culbertson also had lived with him some twelve or fourteen years, and it was entirely natural for him to wish to provide for them, having no children of his own, and having given an ample support for his wife.
It appears from the evidence, that Black died seized of 186| acres of ground, known as the “ home farm,” where he lived many years. This farm was made up of a series of different tracts, bought at different times. 120 acres was bought in 1830; 40 acres in 1837; 25 acres in 1852, and then one and oue-half acres besides.
In 1844, testator bought ninety-one acres, known as the “ Kanaga ” farm, and east of and adjoining the “ home farm.” Upon the Kanaga farm he went to live in 1865, .and there he died in 1866. The sixth clause of the will *317 says : “ It is my will that Mary Black, my wife, shall have-the use of this farm that we now live on as long as she-lives.” It is, therefore, apparent from the will itself, that the Kanaga tract constituted one farm, and it is to be determined, what was the other farm within the meaning of the words used in the will.
Upon the east side of a road or highway lay the “ home-farm,” and twenty-four rods from it, on the other side of the same road, lay a tract of sixty acres of woodland, bought by the testator in 1831. The question is, is this sixty acres part of the home farm, so that it passes with the other land, under the phrase “ my two farms,” as used by the testator. Mary Black claims that it does not, and that it, therefore, belongs to her, as her husband's heir. There is no specific devise of this sixty acres, no residuary clause, and unless it passes under the phrase “my two-farms,” the testator herein is intestate, and his widow entitled. Upon the trial of the cause a large amount of evidence was heard, claimed by plaintiffs to be incompetent.. It is thus set forth in their brief:
1. “ Testator’s declarations tending to show his intention to make the devise, and that he had devised the sixty acres,, to Culbertson and Rizer.
2 “ Opinions of witnesses as to what constituted testator’s farms, and that they included the sixty acres.
3. “ Testator’s statements and acts tending to show he-regarded the sixty acres as part of his farm.”
The testimony was all heard, as the record shows, subject to exception, but against objection. The question, however, really is, not -whether incompetent testimony was received, but was there competent testimony to sustain the finding of the court. Mayer v. Lun, 22 Ohio St. 62.
As to what parol evidence is competent, in connection with the words of a will, we gather from Boggs v. Taylor, 26 Ohio St. 604, the fóllowing principle: When the evidence is to show in what sense the testator had formerly and habitually used them, it is competent. This is the-language of Judge Welch in delivering the opinion of the- *318 majority of the court. Nor do I understand the dissentient opinion to be adverse to the conclusion to which we have arrived in the present case. That opinion says: “ Any evidence tending to show whether the entire body of land -constituted, in fact, two farms, or only one, was pertinent and material. Whether there were two farms or only one, was a question of fact upon the evidence.”
The case before us is, was the sixty acres part of one of the “two farms,” and evidence to show this fact was clearly competent. There is proof tending to show that the sixty acres was used as part of the “ home farm.” The testator purchased it for the purpose of supplying wood, of which there was a deficiency upon the place he occupied. When the “ home farm,” or parts of it, were rented, the tenants were at liberty to, and did, use the sixty acres to pasture animals and obtain wood for fuel and fencing; and the testator spoke of it as being part of the “home farm,” and used it as an adjunct to the main body — as something useful and convenient, to the enjoyment of the whole.
“ By the conveyance of a farm will pass -a messuage, arable land, meadow, pasture, wood, etc., belonging to or -used with it.” I Bouv. Law Dic. 574, and authorities there cited.
“The word (farme or feme), called in Latin firma, is a compound word, 'and doth comprehend many things, and, •therefore, by the grant of a farme will pass a messuage and such lands, meadow, pasture, woods, etc., thereunto belonging or therewith used; for this word doth properly signify a capital or principal messuage, and a great quantity of demesne thereunto appertaining.” Sheppard’s Touchstone, 93.
The case of The Commonwealth v. Carmalt, 2 Binney, 238, is not in point, as far as the facts are concerned, and yet the remarks of the court are useful as showing the meaning of language.
A turnpike act provided that the company should not take toll from any person when passing from one part of .his farm to another, along said road. A man lived on the *319 turnpike upon six acres of ground, which he farmed, and he had another lot of ten acres about a quarter of a, mile off, not on the turnpike, but to travel which was necessary to go from one place to the other. The question was, should the man pay toll-? The court say that, in order to show there were two farms, “it must be shown that it is impossible for two parcels of land, not contiguous, to be parts of the farm.”
The court also say: “ It is very common for the proprietors of'farms to have a piece of woodland, not contiguous to their place of residence, but appurtenant to it. I see no reason why these different parcels of land should not be reckoned as one farm. There are many cases where a farm consists of detached parcels of land.”
Whether or not the land in question passed by the devise must be ascertained by the intention of the testator, to be gathered from the terms he has used, interpreted by the light thrown upon them by all the surrounding circumstances. In construing a devise, expressed in brief descriptive words like the present, we are almost necessarily constrained to look beyond the will, to resort to evidence aliunde, to ascertain what the description embraces. The will calls for and requires such evidence, in order to apply ■such description to the estate intended. It may be that, when so applied, only one particular tract of land is found which will answer'the description, and no ambiguity remains. But if the evideuce still leaves in doubt what was intended, it is a latent ambiguity, and then, by the established rules of law, evidence aliunde, including parol evidence, is admissible, showing the circumstances under which the estate was devised, how it was used, held, and ■occupied by the testator, the manner in which he was accustomed to regard it and speak of it. Aldrich v. Gaskill, 10 Cush. 155. Much evidence of this sort was introduced in the present case, and submitted to the court, to draw all such inferences from it, as a jury would be required and warranted to draw, upon the just weight of the *320 evidence; and upon a fall consideration of this evidence,, we are of opinion the sixty acres did pass by the devise.
As has been seen, this word farm is a word of large import, both in England and America. It is a collective word, consisting of divers things'gathered into one; as a messuage, land meadow, pasture wood, common, etc. It does not follow that all the parts must be necessarily contiguous to constitute one whole, if the use and occupation of them by the testator is such as to show that they all composed one thing. Contiguity is not the sole controlling fact; it is only one of a series of facts leading to a result, and it may have more or less weight in determining that result.
The testator bought- the home farm in separate parcels. There was no reason for calling the said parcel bought as a part of the “home farm,” except that the testator so-treated and used it, and so with the second and third parcels. By parity of reasoning, if he treated and used the sixty acres as part of the same body, it must be held to be such. This he did.
The evidence in the case is quite voluminous, and no report of it could be made within reasonable limits. Doubtless much of it was incompetent, but eliminating all this, enough remains to show that the testator meant, as the court below held, that this sixty acres of woodland should go to the devisee.

Judgment affirmed.